# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**KEITH RUSSELL JUDD,**

        **Plaintiff,**

      v.                   CASE NO. 11-3104-SAC

**STATE OF KANSAS, et al,**

        **Defendants.**

## O R D E R

This civil action was filed pro se by an inmate of the Texarkana Federal Correctional Institution, Texarkana, Texas. Plaintiff asked this court to order his placement on this State's 2012 Presidential Primary Election Ballot, to declare all conflicting state laws unconstitutional, and to declare that all convicted felons have a constitutional right to vote in the federal presidential primary election.[1]

Upon screening the complaint, the court found that Mr. Judd has previously been designated a three-strikes litigant. His application to proceed without prepayment of fees was denied after the court determined that the complaint alleged no facts showing that Mr. Judd is "under imminent danger of serious physical injury." Plaintiff was granted twenty (20) days in which to submit the filing fee in full. He was forewarned that if he failed to pay

---

[1] Plaintiff's assertions in his Motions for Waiver of Fees and Motion to Reopen and Stay, that this is a class action of all felons for declaratory judgment, does not prevent dismissal of the instant action for failure of the sole plaintiff to pay the filing fee. Moreover, no proper motion to certify this matter as a class action was either filed or granted.

the fee, this action would be dismissed without further notice.

Instead of paying the fee, plaintiff has filed two Motions for Total Waiver of Filing Fees Under the Twenty Fourth Amendment (Docs. 5 & 7), and Motion to Reopen and Motion to Stay Proceedings Pending Decision by Judicial Panel on Multidistrict Litigation (Doc. 8). The court finds that Mr. Judd provides no factual basis or legal authority for this court to hold that he is entitled to waiver of either the filing fees or application of the three-strikes provision under the 24th Amendment or due to pending multidistrict litigation.[2] Nor does plaintiff allege facts or provide authority entitling him to a stay of these proceedings. Furthermore, the court is not convinced by Mr. Judd's argument that this action is "exempt" from the Prison Litigation Reform Act as having nothing to do with prison conditions. The PLRA and the three-strikes provision generally apply to any "civil action" brought by a prison inmate.

The time has passed in which plaintiff was required to pay the filing fee herein, and he has not submitted the fee or filed a meritorious objection. Accordingly, the court finds that this action must be dismissed on account of plaintiff's failure to pay the filing fee as ordered.

**IT IS THEREFORE BY THE COURT ORDERED** that this action is

---

[2] Plaintiff points to nothing in the statutes or the rules governing multidistrict litigation indicating that the jurisdiction of this court to decide this matter is limited in any manner by the pendency of a motion to transfer filed in another district or multidistrict panel notice given under 28 U.S.C. § 1407.

dismissed and all relief is denied, without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's pending motions (Docs. 3, 5, 7, and 8) are denied.

**IT IS SO ORDERED.**

Dated this 15th day of July, 2011, at Topeka, Kansas.

s/Sam A. Crow<br>U. S. Senior District Judge